NOT FOR PUBLICATION     **CASE CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
: 
CLP PACKAGING SOLUTIONS, INC.,      :
                                    :   Civil Action No. 07-1532 (SDW)
    Plaintiff,                      :
                                    :
v.                                  :
                                    :       **OPINION**
SPORTS POUCH BEVERAGE               :
COMPANY, INC., and JOHN DOES 1-10,  :   May 15, 2008
                                    :
    Defendants.                     :
_____:

**WIGENTON,** District Judge

Before the Court is the motion of defendant, Sports Pouch Beverage Company, Inc. ("Sports Pouch") to dismiss the Complaint (Docket Entry No. 1) for lack of personal jurisdiction pursuant to Fed. R.Civ. P. 12(b)(2). Sports Pouch alternatively moves to dismiss or transfer the case to the United States District Court for the Central District of California for improper venue, pursuant to 28 U.S.C. § 1406(a), or based on convenience of the parties, pursuant to 28 U.S.C. § 1404(a). Plaintiff, CLP Packaging Solutions, Inc. ("CLP") opposes this motion.

This Court has considered the papers submitted in support of and in opposition to the motion. For the reasons expressed below, the Court concludes that venue is improper in this District. The Court therefore grants the motion to transfer this action, pursuant to 28 U.S.C. § 1406(a), to the Central District of California.[1]

---

[1] This Court does not reach the merits of Sports Pouch's motion to dismiss for lack of personal jurisdiction.

**I.     BACKGROUND**

This is a diversity suit brought by CLP against Sports Pouch, seeking to recover $75,166.17 in withheld payments from Sports Pouch.  CLP is a Delaware corporation, with its office and principal place of business in New Jersey.  CLP is a wholly owned subsidiary of CLP Industries, Ltd. ("CLP Industries").  (Compl. ¶1; Eder Aff. ¶2).  CLP is engaged in the business of manufacturing and supplying flexible packaging film that is used for the packaging of goods.  (Compl. ¶8; Eder Aff. ¶1).  CLP receives its goods from its parent company, CLP Industries.  (Eder Aff. ¶2).

Sports Pouch is a California corporation,[2] with its office and principal place of business in Rancho Mirage, California.  (Compl. ¶2).  Sports Pouch manufactures push/pull drink pouches.  The pouches are cut from rolls of laminated film and manufactured with a push/pull spout, allowing the drink pouch to be resealed.  (Arvizu Aff. ¶5).

CLP's claims arise out of a business arrangement wherein CLP produced and shipped flexible packaging film to Sports Pouch.  (Compl. ¶9).  Plaintiff alleges that, in September 2003, CLP negotiated to sell the flexible packaging film to Sports Pouch.  The negotiations involved CLP New Jersey based employees having telephone conversations with Sports Pouch employees.  (Eder Aff. ¶4).  However, in a July 27, 2004, letter to Gilbert Arvizu, the Chief Executive Officer of Sports Pouch ("Arvizu"), CLP's President, Leslie Gurland ("Gurland"), acknowledged that the two companies first discussed potential contract negotiations at the PackExpo Show in Las Vegas, Nevada in October 2003.  (Eder Aff. at Exh. J).

---

[2] In support of its motion, Sports Pouch submitted an Affidavit of Gilbert Arvizu, the Chief Executive Officer of Sports Pouch ("Arvizu), wherein he stated that Sports Pouch is a Nevada corporation doing business in California. (Arvizu Aff. ¶ 4). Although the parties dispute Sports Pouch's state of incorporation, this dispute is of no moment as it does not affect the Court's analysis or conclusion that venue is not properly laid in this District.

During negotiations, CLP arranged for sample packaging film to be sent to Bossar, a Spanish company, that manufactures the machines used to create the resealable pouches. The samples were sent to Bossar's locations in Barcelona, Spain and Sarasota, Florida, to ensure that the specifications of CLP's packaging material would be compatible with the Bossar machine that Sports Pouch intended to use. (Compl. ¶5; Eder Aff. ¶¶ 5-6, Exh. A.).[3] Over the course of several months, beginning in September 2003, Sports Pouch sent purchase orders from its offices in California to CLP in New Jersey, requesting shipment of the packaging film. (Eder Aff. ¶8, Exh. C). In turn, CLP shipped the goods and submitted invoices to Sports Pouch, which undisputedly were paid. (Eder Aff. ¶¶10-12, Exhs. C-I).

In March 2004, Sports Pouch began to fall behind on its payments due on outstanding CLP invoices. Arvizu sent an email to Patricia Eder, Vice President of CLP in New Jersey ("Eder"), requesting an extension on Sports Pouch's payables. In response, Liesel Kielp, of CLP ("Kielp"), granted Sports Pouch an extension of time. (Eder Aff. ¶18, Exh. J). The gravamen of CLP's Complaint is that Sports Pouch has failed to pay outstanding invoices totaling $75,166.17 plus interest for delivered shipments of packaging film. (Compl. ¶¶10, 15-17; Eder Aff. ¶19).

Sports Pouch has moved to dismiss the Complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) or, in the alternative, to dismiss or transfer the case for improper venue, pursuant to 28 U.S.C. § 1406(a). Sports Pouch makes an alternative argument that the matter be transferred based on the convenience of the parties, pursuant to 28 U.S.C. § 1404(a). The Court concludes that the interests of justice are best served by transfer pursuant to §1406(a).

---

[3] The pouches are manufactured by running laminated film through a Bossar B2500 Form and Fill Horizontal Packaging Machine ("Bossar machine"). (Arvizu Aff. ¶9).

**II.     DISCUSSION**

As a threshold matter, under 28 U.S.C. § 1332, this Court has subject matter jurisdiction based on diversity because it is undisputed that the parties are citizens from different states and the amount in controversy exceeds $75,000. Thus, the proper venue for this case is defined by 28 U.S.C. § 1391(a), which states that in a civil action wherein jurisdiction is based solely on diversity of citizenship, venue is proper, except as otherwise provided by law, only in:

> (1)     a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3)     a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

"For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). See Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995). Thus, the question is whether venue is proper in New Jersey. This Court concludes that it is not.

First, Sports Pouch resides in Nevada and California. It does not reside in New Jersey. Therefore, venue is improper in New Jersey under subsection (1).

With respect to venue under subsection (2), the inquiry turns on whether a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. Whether a defendant

has sufficient contacts with a particular district, establishing personal jurisdiction over the defendant, is not relevant to the Court's analysis of proper venue. Goldlawr, Inc. Heiman, 369 U.S. 463, 466 (1962). "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994). See, e.g., Hoffer v. Infospace.com, 102 F. Supp.2d 556, 569 (D.N.J. 2000) (concluding that venue was proper in the Western District of Washington because in that district the contract negotiations occurred, the employment agreement was executed, and the alleged breach and decision to deny the plaintiff his stock options took place).

CLP argues that the nature of this dispute involves Sports Pouch's failure to pay outstanding invoices for the packaging film delivered. CLP further contends that it is a New Jersey corporation, involving New Jersey witnesses and unpaid invoices in New Jersey. CLP continues that, whether or not Sports Pouch ultimately brings a counterclaim stemming from the allegedly defective packaging film, such a potential claim is not the basis of this civil action. (Pl. Br. at 10-11).

Sports Pouch counters that it is a corporation doing business in California and not subject to personal jurisdiction in New Jersey. It further contends that Sports Pouch does not employ any individuals or have any offices in New Jersey and does not engage in any business or direct any of its products for distribution or consumption in New Jersey. Additionally, discussions concerning the packaging film were between Kielp, CLP's Pennsylvania based West Coast Representative, and Sports Pouch California based representatives, often at Sports Pouch's central California facility. Finally, Sports Pouch argues that CLP's packaging film was shipped directly from CLP Industries in Israel to Sports Pouch's Corona, California facility. (Def. Br. at 26-27). Therefore, Sports Pouch submits that venue is improper because this Court does not have personal jurisdiction over this entity

in New Jersey. (Def. Br. at 27).

Sports Pouch confuses jurisdictional defects over a defendant with the proper venue of a civil action. As set forth above, whether this Court has general or specific personal jurisdiction over Sports Pouch has no bearing on the issue of whether CLP correctly filed the instant action in this district as to venue. See Goldlawr, 369 U.S. at 466; Cottman, 36 F.3d at 294. The Court must examine the substantial events or omissions giving rise to the claim rather than Sports Pouch's contacts with this district.

Here, this Court is satisfied that a "substantial part of the events giving rise to the claim" occurred in California, not New Jersey. Some negotiations concerning CLP's manufacturing and delivery of its packaging film occurred between CLP employees participating by telephone and emailed communications in New Jersey and Pennsylvania, (Eder Aff. ¶4; Arvizu Aff. ¶¶11-13), with Sports Pouch employees located in California. (Arvizu Aff. ¶11). However, there were no in person meetings in New Jersey. Rather, face-to-face meetings between CLP representatives and Sports Pouch representatives occurred in California, Nevada and Florida. (Arvizu Aff. ¶¶14-16, 19-20, 22, 24-25). The CLP packaging film was manufactured by CLP Industries in Israel and then shipped directly to Sports Pouch's storage facility in Corona, California. The goods were never delivered first to New Jersey. (Arvizu Aff. ¶ 30). CLP representatives traveled to Sports Pouch's manufacturing facility in Rancho Santa Margarita, California to observe the production facility and the workings of the Bossar machine. (Pritikin Aff. ¶ 7; Eder Aff. at Exh. J). The parties participated in face-to-face meetings in California to discuss the alleged defects in CLP's packaging film, which prevented Sports Pouch from using the film to manufacture its resealable pouches in its California facility. (Arvizu Aff. ¶¶ 39-43; Pritikin Aff. ¶¶ 8-10). No meetings took place in New Jersey.

Sports Pouch has its principal place of business in Rancho Mirage, California and importantly, does not maintain any offices in New Jersey. (Arvizu Aff. ¶6; Pritikin Aff. ¶¶14-15; Arvizu Aff. ¶¶24-25). Finally, while Sports Pouch failed to send remittance for outstanding invoices to CLP in New Jersey, the event on which the failure to pay decision is based occurred in California (i.e., Sports Pouch's alleged breach and decision not to pay the outstanding balance for the alleged defective packaging film). (Arvizu Aff. ¶¶49-50). Accordingly, this Court is satisfied that a "substantial part of the events" which give rise to the claims here did not occur in New Jersey. They occurred in California.[4] Therefore, venue is improper in New Jersey under subsection (2) of §1391(a).

Finally, this Court is satisfied that venue is not established in New Jersey under subsection (3) of § 1391(a). While Sports Pouch may be subject to personal jurisdiction in New Jersey, this action may have been properly brought in California or Nevada, where Sports Pouch does reside. Therefore, subsection (3) does not support venue in New Jersey. See Potluri v. Yalamanchili, Civ. Action No. 05-cv-5494, at *7 (D.N.J. July 28, 2006) (Judge Lifland); Markey v. Fastuca, 2006 WL 469948 at *2 (D.N.J. Feb. 27, 2006).

Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision

---

[4] CLP cites to the location of the parties, witnesses and evidence as an adequate basis for a finding that venue is proper in this district. However, any analysis concerning evidence and convenience of the parties applies to a motion to transfer venue under § 1404(a), and not to a venue analysis under § 1391 and § 1406(a). Although Sports Pouch moves to transfer venue, in the alternative, for convenience of the parties under § 1404(a), the Court has already noted its declination to address that motion because it has concluded that venue is not proper in this district pursuant to § 1391.

whether a transfer or dismissal is in the interest of justice, however, rests within the sound discretion of the district court." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).

The Court finds that this action could have originally been brought in the Central District of California. Indeed, as set forth above, personal jurisdiction exists over Sports Pouch there, and venue is proper there. The Court may transfer the instant case to another district in lieu of dismissal in the interest of justice, "however wrong the plaintiff may have been in filing his case as to venue, [and] whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, 369 U.S. at 466. "Transfer is generally more in the interest of justice than dismissal." CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co., 650 F. Supp. 57, 60 (D.V.I. 1986). Accordingly, in its discretion, this Court will transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Central District of California.

Since the Court will transfer the case to the Central District of California, the Court declines to address Sport Pouch's alternative argument that, although venue is proper in New Jersey, the case should be transferred to the Central District of California for the convenience of the parties under 28 U.S.C. § 1404(a). Similarly, in light of the Court's decision to transfer, the Court declines to address the merits of CLP's request for jurisdictional discovery or Sports Pouch's motion to dismiss for lack of personal jurisdiction.

### III.     CONCLUSION

For the reasons set forth above, the Court will deny Sports Pouch's motion to dismiss the case for lack of personal jurisdiction and improper venue, and will grant the motion to transfer venue under 28 U.S.C. § 1406(a).  This matter shall be transferred to the United States District Court for the Central District of California.  An Order follows.


                                                                                                **S/Susan D. Wigenton, U.S.D.J.**

cc:  Judge Madeline Cox Arleo, U.S.M.J.